IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAKELL H. JACKSON,

      Plaintiff,　　　　　　　　　No. CIV S-07-0040 DFL DAD P

  vs.

T.E. JOHNSON, et al.,

      Defendants.　　　　　　　ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1       The Civil Rights Act under which this action was filed provides as follows:

2       Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
3       deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
4       law, suit in equity, or other proper proceeding for redress.

5 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

6 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

7 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

9 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10 omits to perform an act which he is legally required to do that causes the deprivation of which

11 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       Moreover, supervisory personnel are generally not liable under § 1983 for the

13 actions of their employees under a theory of respondeat superior and, therefore, when a named

14 defendant holds a supervisorial position, the causal link between him and the claimed

15 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

16 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

17 allegations concerning the involvement of official personnel in civil rights violations are not

18 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19       In the present case, plaintiff has named as defendants Correctional Officer T.E.

20 Johnson; M.H. Collins, RN; Paconia, RN; McMasters, MTA; Dr. Jason A. Rohrer; and Nurse

21 Practitioner Mahon.

22       Plaintiff alleges that he experienced severe pain throughout his lower abdomen,

23 legs, and knees. He informed defendant Johnson and asked him if he could go to the clinic or if

24 defendant Johnson could call the clinic. Defendant Johnson refused both of plaintiff's requests.

25 Plaintiff alleges that defendant Johnson continued to refuse his requests for medical care for

26 several days, so he went to the clinic without prior authorization. On May 4, 2006, plaintiff saw

defendant Paconia, who diagnosed plaintiff's injury as a hernia. According to plaintiff's allegations, defendant Collins told defendant Paconia to send plaintiff back to his building and to refuse to let him see a doctor. Defendant Mahon similarly said that plaintiff should be sent back to his cell. Defendants only told plaintiff that he would be allowed to see the doctor after he explained that he could not stand or walk. After seeing the doctor and while waiting to go to the hospital, plaintiff's appendix burst.

Plaintiff argues that his condition and suffering could have been avoided if defendant Johnson allowed him to go to the clinic earlier. In addition, plaintiff argues that defendants Collins and Paconia mis-diagnosed his condition and improperly refused to provide him with medical care. Finally, plaintiff argues that, had Dr. Rohrer not instructed defendant Mahon that he was refusing to see any additional patients, his condition could have been treated properly. Plaintiff concludes that all of the defendants failed in their sworn duty and as a result he almost died.

Plaintiff requests that the court investigate the California Department of Corrections and Rehabilitation's policies and procedures related medical service and treatment of prisoners. He also requests that the court investigate each of the defendants as well as all new employees. Finally, plaintiff requests the court find each defendant liable and award plaintiff compensatory damages in the amount of $25,000 from each defendant and punitive damages.

The court finds that plaintiff's complaint states cognizable claims for relief against defendants Johnson, Collins, Paconia, Rohrer, and Mahon. If the allegations of the complaint are proven against the defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court finds that plaintiff's complaint does not state a cognizable claim against defendant McMasters. Plaintiff has failed to allege any specific causal link between the actions of McMasters and the claimed constitutional violations.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 9, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Correctional Officer T.E. Johnson; M.H. Collins, RN; Paconia, RN; Dr. Jason A. Rohrer; and Nurse Practitioner Mahon.

4. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 8, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Six copies of the endorsed complaint filed January 8, 2007.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 18, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack0040.1a

5

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAKELL H. JACKSON,

      Plaintiff,      No. CIV S-07-0040 DFL DAD P

  vs.

T.E. JOHNSON, et al.,     NOTICE OF SUBMISSION

      Defendants.     OF DOCUMENTS

_____/

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ <u>one</u> completed summons form;

    ____ <u>five</u> completed USM-285 forms; and

    ____ <u>six</u> true and exact copies of the complaint filed January 8, 2007.

DATED: _____.

                  _____
                  Plaintiff